IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLY DAVIS,<br><br>                Plaintiff,<br>    v.<br><br>ALLIED INTERSTATE, INC.,<br><br>                Defendant. | 1:09-CV-952 AWI DLB<br><br>ORDER VACATING HEARING, ORDER ALLOWING ADDITIONAL EVIDENCE AND BRIEFING, and ORDER ALLOWING DOCUMENTS TO BE FILED UNDER SEAL |

       Currently set for hearing on October 13, 2009, is Plaintiff's motion to enforce settlement agreement. Defendant filed no opposition or a response of any kind to the motion. The Court has reviewed the moving papers and has determined that a hearing is not necessary. The Court will vacate the hearing and instead issues the following order.

       This case was removed from the Stanislaus County Superior Court on the basis of federal question jurisdiction. The case centers on allegedly improper debt collection practices by Defendant. According to Plaintiff's motion, the parties reached a settlement in this case on June 30, 2009.[1] Plaintiff states that he signed and e-mailed the appropriate documents, but that he has not received payment. Under the terms of the settlement, Plaintiff states that he was to receive payment by July 30, 2009. Plaintiff also requests an award of additional attorney's fees under 15 U.S.C. § 1692k.

---

[1] The Court notes that the parties did not file a notice of settlement with the Court. See Local Rule 16-160.

It is well established "that courts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it; the actual merits of the controversy become inconsequential." Dacanay v. Mendoza, 573 F.2d 1075, 1078 (9th Cir. 1978). "The district court's enforcement power include[s] authority to award damages for failure to comply with the settlement agreement." TNT Marketing, Inc. v. Agresti, 796 F.2d 276, 278 (9th Cir. 1986). "However, the district court may enforce only complete settlement agreements." Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). Further, both parties must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute.[2] Harrop v. Western Airlines, Inc., 550 F.2d 1143, 1144-45 (9th Cir. 1977); see also Dacanay, 573 F.2d at 1078. "A settlement agreement is treated as any other contract for purposes of interpretation." United Commercial Insurance Service, Inc. v. The Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992). "Where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing." Doi v. Halekulani Corp., 276 F.3d 1131, 1138 (9th Cir. 2002); Callie, 829 F.2d at 890.

Here, insufficient evidence has been presented to the Court. In fact, the motion to enforce is supported by no declarations or evidence of any kind, rather, it is an unsworn document with citation to no case authority. The Court has not seen the settlement agreement, is unaware of the precise terms of the settlement, and does not know whether the settlement is complete. The Court will credit the representations in the motion that settlement negotiations occurred. However, additional information is necessary. See Callie, 829 F.2d at 890; Dacanay, 573 F2d at 1078; Harrop, 550 F.2d at 1144-45; Hamilton v. Willms, 2007 U.S. Dist. LEXIS 21336, *28-*33 (E.D. Cal. Mar. 2, 2007).

Plaintiff does state that the settlement papers were not submitted to the Court out of confidentiality concerns, and that he would be willing to submit the papers under seal. The Court will allow Plaintiff the opportunity to present additional evidence. Plaintiff should submit

---

[2] In actions arising under federal law, federal common law applies and presumes that an attorney has the authority to settle cases. See In re Artha Management, Inc., 91 F.3d 326, 329 (2nd Cir.1996); Hamilton v. Willms, 2007 U.S. Dist. LEXIS 21336, *28-*31 (E.D. Cal. Mar. 2, 2007).

sufficient evidence that shows a valid and complete agreement that was reached by the parties and that has sufficiently clear terms.  The Court will allow the confidential settlement documents to be filed under seal, but Plaintiff will be required to certify that Defendant was served with the documents.  Additionally, to the extent that Plaintiff seeks fees/damages for enforcement, see TNT Marketing, 796 F.2d at 278, evidence concerning the amount of such fees/damages should also be presented.

Accordingly, IT IS HEREBY ORDERED that:

1. The October 13, 2009, hearing on Plaintiff's motion is VACATED;
2. Plaintiff may file the referenced confidential settlement papers UNDER SEAL, but must certify with the Court that he served Defendant with a copy of the sealed papers;
3. Plaintiff's additional evidence is to be submitted on or by October 15, 2009;
4. Defendant may file an opposition on or by October 22, 2009;
5. Any reply may be filed by Plaintiff on or by October 27, 2009; and
4. The hearing on the motion to enforce settlement is RESET to November 2, 2009, at 1:30 p.m. in Courtroom No. 2.

IT IS SO ORDERED.

**Dated:    October 7, 2009**              /s/ Anthony W. Ishii
                                       CHIEF UNITED STATES DISTRICT JUDGE